**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

KENNETH IRVING CARTER,

Defendant.
______________________________/

Criminal Action No. 24-20225
Honorable Jonathan J.C. Grey

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF No. 3)**

## I. INTRODUCTION

Before the Court is pro se Defendant Kenneth Irving Carter's motion requesting early termination of supervised release. (ECF No. 3.) The government filed a response in opposition (ECF No. 6), and Carter did not file a reply. The Court finds that oral argument will not aid in its disposition of the motion; therefore, it dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

For the reasons stated below, the Court **DENIES** the motion.

## II. BACKGROUND

Carter was charged in the Western District of Pennsylvania for offenses related to conspiring to distribute heroin during 2011–2012. *United States v.* Carter, Case No. 12-cr-00020 (W.D. Pa. 2012). Carter pleaded guilty and was sentenced to 180 months in prison, followed by a five-year term of supervised release. *Id.* at ECF No. 832. Carter began his term of supervised release on March 22, 2024, which was transferred to the Eastern District of Michigan. *See id.* at ECF No. 1131. Carter has complied with the conditions of supervised release.

## III. LEGAL STANDARD

A district court may, "after considering a subset of the sentencing factors set forth in [18 U.S.C.] § 3553(a), terminate a term of supervised release 'at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025) (quoting 18 U.S.C. § 3583(e)(1)). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination."

*Id.* (quoting *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020)). The relevant § 3553(a) factors a court must consider are:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established from the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Tavarez*, 141 F.4th 750, 756 (6th Cir. 2025) (citing § 3583(e); § 3553(a)(1), (2)(B)–(D), (4)–(7)). Further, a district court may "consider whether a defendant exhibited 'exceptionally good behavior' when exercising its broad discretion to resolve motions for early termination of supervised release." *Hale*, 127 F.4th at 641.

## IV. ANAYLSIS

Having reviewed the record in this case, multiple facts reflect well on Carter, including maintaining steady employment, enrolling in community college to become an electrician and licensed contractor, mending the relationship with his children, family, and friends, and

reconnecting with his Muslim community. The Court commends Carter for his efforts and compliance with the conditions of his supervision.

"However, the test for securing an early termination of supervised release is strict." *United States v. Hart*, No. 3:21-cr-126, 2025 WL 3264518, at *2 (S.D. Ohio Nov. 24, 2025). "'Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.'" *United States v. Laughton*, 658 F. Supp. 3d 540, 544 (E.D. Mich. 2023) (citation omitted). "Similarly, productive employment, while laudable, does not justify the termination of supervision." *Id.* (citations and internal quotation marks omitted). "If 'unblemished' post[-]release conduct warranted termination of supervised release, then 'the exception would swallow the rule,' i.e., diligent service of the full period of supervised release imposed at sentencing." *Id.* (citing *United States v. Givens*, No. CR 5:14-074-DCR, 2022 WL 2820081, at *1 (E.D. Ky. July 19, 2022)) (quoting *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).

While Carter has thrived during his term of supervised release thus far, the nature of the offense is serious, and he has only been on

supervised release for less than half of his five-year term. The fact that he has complied with supervision in all respects does not warrant early termination. *See, e.g.*, *Laughton*, 658 F. Supp. 3d at 544. To the extent Carter bases his request on a desire to perform hajj, an Islamic pilgrimage to Mecca, Saudi Arabia, the Court would consider a motion to modify the conditions of his release if Carter makes such a request three to six months before the planned pilgrimage.

Thus, the Court finds—pursuant to § 3583(e)(1) and the applicable § 3553(a) factors—that, although Carter has made meaningful progress in transitioning to life outside of prison, his request for early termination of supervised release should not be granted at this time.[1]

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Carter's motion for early termination of supervised release. (ECF No. 3.)

[1] *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011) (A district court need only "give some indication that it has considered the statutory factors in reviewing a motion for early termination of supervised release," rather than make explicit findings under those factors); *United States v. Gammarano*, 321 F.3d 311, 315–316 (2d Cir. 2003) (internal quotation marks and citation omitted) ("[A] statement that [the district court] has considered the statutory factors is sufficient.").

**SO ORDERED.**

**s/Jonathan J.C. Grey**
Hon. Jonathan J.C. Grey
United States District Judge

Date: July 29, 2026

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 29, 2026.

s/ S. Osorio
Sandra Osorio
Case Manager